UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SONNY CHAMBERS,

                        Plaintiff,

            -against-                                              17-CV-6315 (CM)

KIRBY PSYCH,                                                       ORDER

                        Defendant.

COLLEEN MCMAHON, Chief United States District Judge:

    Plaintiff filed this action *pro se*, asserting that unidentified persons at Kirby Forensic

Psychiatric Facility failed to protect him from several assaults. By order dated September 19,

2017, the Court directed Plaintiff to file an amended complaint within sixty days. That order

specified that failure to comply would result in dismissal of the complaint on immunity grounds

and as frivolous. Because Plaintiff failed to file an amended complaint as directed, on December

12, 2017, the complaint was dismissed. Plaintiff appealed, and the Second Circuit dismissed the

appeal as "lack[ing] an arguable basis either in law or in fact." *Chambers v. Kirby Forensic*

*Psychiatric Center*, No. 18-365 (2d Cir. July 16, 2018).

    On August 13, 2019, Plaintiff filed an application styled as an "Amendment # 2-

Motion," in which he seeks to amend various sections of his original complaint.[1] He also seeks to

add new claims based on events that occurred in 2018, after this action was dismissed.

---

[1] On March 14, 2018, while his appeal was pending, Plaintiff also filed a one-page paper
captioned as an "Amendment to Complaint" (ECF No. 17).

**DISCUSSION**

Plaintiff's motion to amend his complaint in this closed case must be dismissed as moot. This Court and the Court of Appeals have already dismissed this case and the appeal, and Plaintiff does not present any reasons to reopen this matter.

Even if the Court were to liberally construe this submission as a motion under Rule 60(b) of the Federal Rules of Civil Procedure for relief from a judgment or order, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him") (citations omitted), the motion must be denied .

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion seeking relief under Rule 60(b)(1), (2), or (3) must be brought within one year of the date of entry of the order or judgment the motion seeks to challenge. Fed. R. Civ. P. 60(c)(1).

Plaintiff's motion for relief under Rule 60(b)(1), (2), or (3) is untimely because it was filed more than one year after the entry of the order and civil judgment dismissing this action.

2

The order and civil judgment dismissing this action were entered on December 12, 2017. But the Court received Plaintiff's undated application on August 13, 2019, beyond the one-year limitations period. In addition, even under a liberal interpretation of Plaintiff's application, he fails to allege any facts demonstrating that any of the grounds listed in the first five clauses of Rule 60(b) apply or that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). Because Plaintiff does not present any legal or factual matters that would call into question the Court's dismissal of the complaint, to the extent Plaintiff's submission could be construed as a motion for reconsideration, it must be denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's motion to amend the complaint (ECF No. 22) is denied as moot. To the extent it could be construed as a motion for reconsideration, it is also denied. The Clerk of Court is further directed to accept no further submissions under this closed case number, except for papers directed to the United States Court of Appeals for the Second Circuit.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   November 26, 2019
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge